UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

HOLLY RAJ, INC.,

Debtor.

Case No. 10-10741

Chapter 11

## APPLICATION FOR USE OF CASH COLLATERAL

Holly Raj, Inc., by its attorneys, Hodgson Russ LLP, seeks relief under 11 U.S.C. §363 for authority to use cash collateral, and alleges:

1. Holly Raj, Inc., the Debtor herein, filed for voluntary relief under Chapter 11 of the Bankruptcy Code on March 2, 2010.

2. The Debtor owns two (2) commercial buildings located at 40 and 42 Waller Avenue in White Plains, New York and has rental income for tenants therein in the amount of $8,300.00 per month. Upon information and belief, the tenant at 42 Waller Avenue has been paying rent directly to Hudson Valley Bank, N.A. The Debtor has listed these properties for sale at $2,200,000.00 and owes less than $1,600,000.00 on first and second Mortgages.

3. The second mortgage holder, F.G. Capital Corp., has commenced a foreclosure action. The first mortgage holder, Hudson Valley Bank, N.A., has served a notice of default.

4. The expenses for maintaining these properties are set forth in Exhibit "A" annexed hereto. The Debtor seeks permission to use cash collateral to pay these expenses and an Order directing that the tenant resumes paying rent directly to the Debtor.

5. The Debtor believes that the secured claims of F.G. Capital Corp. and Hudson Valley Bank, N.A. are adequately protected by the equity cushion in the properties and that no payments need be made to these creditors while the properties are being sold.

6. The Debtor had entered in a Forbearance and Escrow Agreement with Adirondack and Entertainment, Inc., Thomas Zeppiere and Theodore Cervini, the former owners of the miniature golf property at 8 Beach Road in Lake George, New York. This property is not operating due to the weather.

7. The Debtor asserts that the automatic stay under 11 U.S.C. §362 prevents the release of deeds from escrow. Further, the Debtor is seeking an accounting from the creditor for its management of the property in prior years. Accordingly, the Debtor believes that no adequate protection payments are due Adirondack and Entertainment, Inc. at the present time.

8. Upon information and belief, no State Court Receiver can be appointed for any of the Debtor's properties.

9. The Debtor needs to turn on utilities, provide supplies and do remediation at the Lake George, New York property so that it can operate this property over the summer. Gross revenue at Lake George over the summer is expected to exceed $250,000.00. The Debtor plans on using $18,000.00 over three (3) months from cash collateral to open up this property.

10. The Debtor proposes to use the excess income from the White Plains, New York property to prepare the Lake George property for operation this summer.

11. The Debtor submits that it is therefore entitled to use cash collateral according to its Budget for the next ninety (90) days, annexed hereto as Exhibit "A", and that secured creditors are therefore adequately protected.

**WHEREFORE**, the Debtor, Holly Raj, Inc., seeks an Order from this Court authorizing its use of cash collateral, according to its Budget for the next ninety (90) days, and for whatever further relief the Court deems just and proper.

DATED: March 2, 2010

> HODGSON RUSS LLP
> Attorneys for Debtor
>
> By: /s/ Richard L. Weisz
> RICHARD L. WEISZ
> 677 Broadway, Suite 301
> Albany, New York 12207
> (518) 465-2333

000160/00343 Litigation 7234847v1