WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
3 Gannett Drive
White Plains, NY 10604
Tel: (914) 872-7104
Fax: (914) 323-7001
David L. Tillem
*Attorneys for Hudson Valley Bank*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x
In Re:

      HOLLY RAJ, INC.,

               Debtor.

-------------------------------------------------------------------- x

: Case No. 10-10741 (REL)
:
: Chapter 11
:
:
:
:

# LIMITED OBJECTION OF HUDSON VALLY BANK TO
# DEBTOR'S APPLICATION FOR USE OF CASH COLLATERAL

Hudson Valley Bank ("HVB" or the "Bank") by its attorneys, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, respectfully submits this limited objection to the debtor Holly Raj, Inc.'s (the "Debtor") application for use of cash collateral, as follows:

1. Hudson Valley Bank holds mortgages on certain properties (two buildings) located at 40 and 42 Waller Avenue, White Plains, New York (the "Property"). According to the Debtor's Schedule D, HVB holds a first mortgage in the amount of $1,300,000.00 on the Property. In fact HVB holds a first mortgage with $911,192.00 currently owed; and a second mortgage with $431,217.00 currently owed (includes amount owed for tax payment of $116,000.00 advanced by HVB in the fall, 2009). Thus, the aggregate amount owed to HVB is $1,342,409.00 plus continuing interest, attorneys' fees and other expenses.

2. F.G. Capital Corp. holds a third mortgage on the Property in the amount of approximately $249,000.00. According to the Debtor, the liens on the Property total approximately $1.6 Million against a value of $2.2 Million

3. The Debtor is in default to HVB as of May 1, 2009 on one loan and August 1, 2009, on the other loan. A foreclosure action was commenced by HVB in or about January 2010.

4. The Debtor suggests that due to an alleged equity cushion on the Property no adequate protection payments need to be paid to HVB. Parenthetically, the Debtor also suggests that the tenant has been paying HVB directly. Your declarant is advised that no payment has been received from any tenant at the Property.

5. In the current commercial market place, it is unclear what the appraised value of the Property may be. Given the fact that the Property has apparently been on the market for some period of time and has not yet been sold, it would seem to indicate that the Debtor's suggested value of $2.2 Million is inflated, particularly given the current highly depressed real estate values in the New York metropolitan area. In conjunction with the making of these loans, HVB caused to be prepared an appraisal in February, 2005 – the height of the real estate market. That appraisal showed a value of $1,480,000.00. This valuation figure at the height of the market bubble is nearly $700,000.00 less than the unsupported valuation proffered by the Debtor. The Debtor has provided no appraisal or other support for its valuation claim. Thus, the Bank believes that no equity cushion exists here and that the Bank is barely secured.

6. Accordingly, HVB requests that monthly payments at least of interest in the amount of $6,785.00 ($4,955.00 + $1,830.00) be made by this Debtor during the

-2-
2702204.1

pendency of this case as minimum adequate protection payments. Further, HVB objects to a cash collateral Order for ninety (90) days. Given the significant uncertainty here as to valuation, the failure of the Debtor to provide an appraisal, and the short period of time in which your declarant has been retained, thereby precluding a review of the applicable documentation, values, etc., the use of cash collateral should not exceed thirty (30) days from the date of this Order.

7. Any Order permitting the use of cash collateral must continue the standard provisions regarding replacement liens and super priority administrative expense claim status for HVB if the cash collateral is diminished during the pendency of this case.

8. Finally, the budget is plainly inadequate. There is no allocation made for real estate taxes for any of the properties. Given that HVB has already advanced $116,000 for real estate taxes due on the Property, this is not a minor matter. No insurance is allocated for Lake George. And if an adequate protection payment is made to HVB, it does not appear that sufficient funds are available to pay the expenses budgeted.

WHEREFORE, HVB respectfully requests that the Debtor's application be denied except that the Debtor be permitted to use cash collateral for thirty (30) days only over and above an adequate protection payment to HVB in the amount of $6,985.00 per month, together with such other and further relief as the Court deems just and proper.

Dated: White Plains, New York
March 9, 2010

        **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
        *Attorneys for Hudson Valley Bank*

        By: */s/ David L. Tillem*
        David L. Tillem
        3 Gannett Drive
        White Plains, NY 10604-3407
        Tel: (914) 872-7104
        Fax: (914) 323-7001
        E-Mail: David.Tillem@WilsonElser.com
        File No.: 06680.00011

TO: **Hodgson Russ**
677 Broadway, Suite 301
Albany, NY 12207
Attn.: Richard L. Weisz, Esq.

**Nolan Heller, LLP**
39 North Pearl Street
Albany, NY 12207
Attn.: Frances J. Brennan, Esq.

**Office of the United States Trustee**
74 Chapel Street
Albany, NY 12207
Attn.: Kevin Purcell, Esq.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x
In Re:                                                                 :  Case No. 10-10741 (REL)
                                                                       :
                                                                       :  Chapter 11
    HOLLY RAJ, INC.,                                :
                                                                       :
        Debtor.                 :
---------------------------------------------------------------------- x

# CERTIFICATE OF SERVICE

David L. Tillem, an attorney duly admitted to practice before this Court, hereby certifies that on the 9th day of March, 2010, I caused true and correct copies of the foregoing Limited Objection to be served by U.S. Mail at the address designated by said attorney[s] for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York:

    **Hodgson Russ**
    677 Broadway, Suite 301
    Albany, NY  12207
    Attn.:  Richard L. Weisz, Esq.

    **Office of the United States Trustee**
    74 Chapel Street
    Albany, NY  12207
    Attn.:  Kevin Purcell, Esq.

    **Nolan Heller, LLP**
    39 North Pearl Street
    Albany, NY  12207
    Attn.:  Frances J. Brennan, Esq.        */s/ David L. Tillem*
                                                     DAVID L. TILLEM