UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re,<br><br>      HOLLY RAJ, INC.,<br><br>                          Debtor. | Chapter 11<br>Case No. 10-10741 |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**
**PURSUANT TO 11 U.S.C. §362(d)(1) AND (2), OR, IN THE ALTERNATIVE,**
**FOR ADEQUATE PROTECTION**

Adirondack Entertainment and Recreation, Inc. ("AER") and Thomas Zeppieri and Theodore Cervini (collectively referred to as "Messrs. Zeppieri and Cervini"), by and through undersigned counsel, hereby move this Court for an Order Granting Relief From The Automatic Stay or in the Alternative for Adequate Protection pursuant to 11 U.S.C. § 362 and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (this "Motion"), and respectfully states as follows:

**JURISDICTION**

1. On March 2, 2010 (the "Petition Date"), Holly Raj, Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code").

2. AER and Messrs. Zeppieri and Cervini file this Motion pursuant to Section 362 of the Bankruptcy Code.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(a).

4. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

5. On or about February 23, 2007, pursuant to the terms of that certain purchase agreement (the "Holly Raj Purchase Agreement") by and between the Debtor and AER, the Debtor purchased certain real property located at 8 Beach Road, Lake George, New York (the "Property") from AER for the sum of $2,000,000.00. A copy of the Holly Raj Purchase Agreement is attached hereto and made a part hereof as Exhibit "A".

6. The Debtor's purchase of the Property was financed and is evidenced by that certain promissory note dated February 23, 2007, executed by the Debtor's principal, Rajiv Sharma, on the Debtor's behalf, in the principal sum of $1,625,000.00 (the " Holly Raj Note"). The Holly Raj Note provided for the accrual of interest at the rate of six (6%) percent per annum, amortized over twenty (20) years, with monthly payments in regular monthly installments of $11,642.01. A copy of the Holly Raj Note is attached hereto and made a part hereof as Exhibit "B".

7. The Holly Raj Note is secured by a mortgage against the Property dated February 23, 2007 and duly recorded in the Office of the Warren County Clerk on March 2, 2007 as Instrument No. 2007-2213 (the "First Holly Raj Mortgage"). In addition, the First Holly Raj Mortgage includes an assignment of rents in favor of Messrs. Zeppier and Cervini. A copy of the First Holly Raj Mortgage is attached hereto and made a part hereof as Exhibit "C".

8. In addition, pursuant to the terms of a certain purchase agreement (the "PNP Purchase Agreement") by and between Putt-N-Prizes, Inc. ("PNP") by its President, Rajiv Sharma, and Messrs. Zeppieri and Cervini, PNP purchased the tangible personal property and leasehold improvements (the "PNP Assets") associated with the operation of an arcade and mini-

golf business located at the Property for the sum of $1,000,000.00. A copy of the PNP Purchase Agreement is attached hereto and made a part hereof as Exhibit "D".

9. The purchase price for the assets purchased pursuant to the PNP Purchase Agreement is evidenced by that certain promissory note by PNP in favor of Messrs. Zeppieri and Cervini in the principal amount of $1,000.000.00 (the "PNP Note"). In addition, the PNP Note provided for interest to accrue on the principal balance at the rate of six (6%) percent per annum amortized over a period of twenty (20) years, with a monthly payment of $7,164.32 due on September 15, 2007 and the fifteenth of each and every succeeding month thereafter until the balance due was paid. A copy of the PNP Note is attached hereto and made a part hereof as Exhibit "E".

10. Pursuant to the terms of a certain collateral mortgage by the Debtor to Messrs. Zeppieri and Cervini dated February 23, 2007 (the "Second Holly Raj Mortgage"), the Debtor granted Messrs. Zeppieri and Cervini a mortgage and security interest in the Property. The Second Holly Raj Mortgage was duly recorded in the Office of the Warren County Clerk on March 2, 2007 as Instrument No. 2007-2214. In addition, the Second Holly Raj Mortgage includes an assignment of rents in favor of Messrs. Zeppier and Cervini. A copy of the Second Holly Raj Mortgage is attached hereto and made a part hereof as Exhibit "F".

11. The Debtor is in default under the Holly Raj Note based upon its failure to pay the monthly installments due under the Holly Raj Note beginning with the payment due for January 15, 2009 and for each and every succeeding month thereafter through the filing date of this motion. The Debtor is due under the Holly Raj Note in the principal amount of $1,547,330.30, plus accrued and unpaid interest through the return date of this motion in the amount of $128,799.88, for a total indebtedness under the Holly Raj Note in the amount of $1,676,130.10,

75637_1.doc

3

plus "all costs and expenses incurred by the Lender in collecting or attempting to collect the indebtedness evidenced by" the Holly Raj Note.

12. In addition, the PNP Note is in default based upon the PNP's failure to pay the monthly installments due under the PNP Note with the payment due for December 15, 2008 and for each and every succeeding month thereafter through the return date of this motion. The PNP Note is due in the outstanding principal amount of $966,373.93, plus accrued and unpaid interest in the amount of $85,140.86, for a total outstanding indebtedness under the PNP Note in the amount of $1,051,514.79, plus "all costs and expenses incurred by the Lender in collecting or attempting to collect the indebtedness evidenced by" the PNP Note.

13. Pursuant to the terms of the First Holly Raj Mortgage and the Second Holly Raj Mortgage, the Property is encumbered by mortgage liens in favor of AER and Messrs. Zeppier and Cervini in the total aggregate amount of $2,727,644.89 as of May, 2010.

14. As a result of the defaults by Holly Raj and PNP, AER and Messrs. Zeppieri and Cervini entered into that certain Forbearance and Turnover Agreement dated April 24, 2009 (the Forbearance Agreement") that provided, *inter alia*, that AER and Messrs. Zeppieri and Cervini would assist the Debtor in operating the Property, including the arcade and mini-golf business operated by PNP, for the 2009 season and the Debtor had to cure the arrears under its various obligations to AER and Messrs. Zeppieri and Cervini by April 15, 2010. In addition, the Debtor agreed to give AER and Messrs. Zeppieri and Cervini a deed in lieu of foreclosure with respect to the Property to be filed in the Office of the Warren County Clerk in the event that the Debtor's defaults to AER and Messrs. Zeppieri and Cervini were not cured as provided for in the Forbearance Agreement. A copy of the Forbearance Agreement is attached hereto and made a part hereof as Exhibit "G".

## RELIEF REQUESTED

15. By this Motion, AER and Messrs. Zeppieri and Cervini are seeking immediate relief from the automatic stay in order to exercise their rights and remedies under the First Holly Raj Mortgage and the Second Holly Raj Mortgage including without limitation, the filing of the deed in lieu of foreclosure given by the Debtor pursuant to the Forbearance Agreement, foreclosure of their mortgagee interest and lien in and to the Property, and the collection of any rent paid by the Debtor's tenants at the Property pursuant to the assignment of rents provided for in the First and Second Holly Raj Mortgages. In the alternative, AER and Messrs. Zeppieri and Cervini request that the Debtor be authorized and directed to remit monthly adequate protection payments to AER and Messrs. Zeppieri and Cervini, retroactive to the Petition Date, in the full amount of the monthly payments, to provide proof of insurance on the Property, and to allow for periodic inspections of the Property by AER and Messrs. Zeppieri and Cervini for as long as the automatic stay remains in effect with respect to the Property.

## BASIS FOR RELIEF

### The Automatic Stay Should Be Terminated And Annulled Pursuant To 11 U.S.C. § 362(d)(1) Based Upon AER's and Messrs. Zeppieri's and Cervini's Lack Of Adequate Protection Of Their Interests In the Property

16. AER and Messrs. Zeppieri and Cervini request that the Court enter an Order terminating and annulling the automatic stay imposed by Section 362(a) of the Bankruptcy Code pursuant to Section 362(d)(1). Under Section 362(d)(1), the court shall grant relief from the automatic stay when the movant lacks of adequate protection of an interest in collateral.

17. The Debtor has made no offer to make adequate protection payments to AER and Messrs. Zeppieri and Cervini. In addition, the Debtor values the Property at $2,160,000.00 in its petition. Further, a review of the 2009 real property assessment records for Warren County shows the fair market value of the Property to be $2,160,200.00. A copy of Schedule "A" of the

75637_1.doc

5

Debtor's petition is attached hereto and made a part hereof as Exhibit "H". A copy of the relevant page from the Warren County 2009 Final Assessment Roll indicating the full market value of the Property to be $2,160,200.00 is attached hereto and made a part hereof as Exhibit "I".

18. In addition, as set forth more fully in the affidavit of Mr. Zeppieri accompanying this motion, the Debtor appears to have no tenants in place to begin operations by Memorial Day of this year, the traditional start of the brief summer season in Lake George, where the Property is located. Mr. Zeppieri notes in his affidavit that the utilities to the gift shop at the Property have not been turned on and that the candy store and pizzeria previously operated at the Property are unoccupied. Further, the Debtor's petition does not list any leases for the Property and none have been produced by the Debtor. Finally, despite requests made to the Debtor to provide proof of insurance insuring the Property and the mortgagee interests of AER and Messrs. Zeppieri and Cervini, none has been forthcoming. The only evidence of insurance produced is an ACORD certificate showing general liability coverage for the Debtor and naming the Village of Lake George as the certificate holder. To date, the Debtor has failed to produce any evidence that the real property is insured against losses for damages to the Property itself or that the mortgagee interests of AER and Messrs. Zeppieri and Cervini are insured. Finally, it appears that the Debtor has no tenants for the Property for the very brief and immediately forthcoming 2010 summer season. A copy of Schedule "G" to the Debtor's petition is attached hereto and made a part hereof as Exhibit "J".

19. As a result of the failure of the Debtor to provide AER and Messrs. Zeppieri and Cervini with adequate protection of their interests in the Property, the automatic stay should be lifted.

75637_1.doc

### The Automatic Stay Should Be Terminated And Annulled Pursuant To 11 U.S.C. § 362(d)(2)(a) Based Upon The Debtor's Lack Of Equity In The Property and the Fact that the Equipment is Not Necessary to an Effective Reorganization.

20. AER and Messrs. Zeppieri and Cervini request that the Court enter an Order terminating and annulling the automatic stay imposed by Section 362(a) of the Bankruptcy Code under the authority of Section 362(d)(2). Under Section 362(d)(2), the court shall grant relief from the automatic stay when a debtor lacks equity in the collateral and the collateral is not necessary to an effective reorganization.

21. First, the Debtor has no equity in the Property. As noted above, the Debtor values the Property in its petition at $2,160,000.00. Warren County's full market value assessment for the Property is $2,160,200.00. The total outstanding obligations under the First Holly Raj Mortgage and the Second Holly Raj Mortgage are $2,727,644.89. Thus, the mortgage liens encumbering the Property exceed its value by $567,644.00. Thus, the Debtor's lack of equity is clear. In addition, the Debtor has failed to produce evidence that it has tenants for the upcoming 2010 summer season that will produce a rent stream adequate to service the mortgage debt owed under the Holly Raj Note. Finally, as Mr. Zeppieri notes in his affidavit, the next installment of real property taxes due to the Village of Lake George are due to be paid by June 1, 2010. The Debtor has failed to provide evidence of its ability to pay these taxes when they come due and the current adequate protection stipulation between the Debtor and the Debtor's lender, Hudson Valley Bank, does not provide for payment of those taxes. Absent such proof of income and ability to pay the ongoing obligations of the Debtor with respect to the Property, it is respectfully submitted that the Debtor lacks equity in the Property and that its is not necessary for an effective reorganization.

22. Based upon the foregoing, AER and Messrs. Zeppieri and Cervini hereby request that the Court terminate and annul the automatic stay as to the Property, including without

75637_1.doc

limitation, with respect to the rents received from the Property, effective immediately upon the entry of an Order granting this Motion.

23. Pursuant to the Holly Raj Note the Debtor is obligated to pay "all costs and expenses incurred by the Lender in collecting or attempting to collect the indebtedness evidenced by" the Holly Raj Note. In addition, pursuant the PNP Note, PNP is obligated to pay "all costs and expenses incurred by the Lender in collecting or attempting to collect the indebtedness evidenced by" the PNP Note. Further, the Debtor's and PNP's obligations under the Holly Raj Note and the PNP Note to pay the costs of the Lender are added to the indebtedness and secured by the First and Second Holly Raj Mortgages.

24. It is further requested that the stay imposed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure be waived by the Court.

**WHEREFORE,** AER and Messrs. Zeppieri and Cervini respectfully request that the Court enter an Order:

A. Terminating and annulling the automatic stay imposed by Section 362(a) of the Bankruptcy Code, effective immediately upon entry of the Order, to allow AER and Messrs. Zeppieri and Cervini to exercise all of their rights and remedies under the First Holly Raj Mortgage and the Second Holly Raj Mortgage, including without limitation, the filing of the deed in lieu of foreclosure provided by the debtor pursuant to the Forbearance Agreement, the foreclosure of its security interest and lien in and to the Property, if necessary, and the collection of the rent from the Property; or

B. Alternatively, authorizing and directing the Debtor to remit monthly adequate protection payments to AER and Messrs. Zeppieri and Cervini retroactive to the Petition Date, in the full amount of the monthly payments under the Holly Raj and PNP Notes, to provide proof of

insurance on the Property, to provide a current rent roll and copies of all leases for the Property, and to allow for periodic inspections of the Property by Messrs. Zeppieri and Cervini for as long as the automatic stay remains in effect with respect to the Equipment;

C.  Granting AER and Messrs. Zeppieri and Cervini their reasonable attorney's fees and expenses incurred in connection with this motion; and

D.  Granting AER and Messrs. Zeppieri and Cervini such other, further, and different relief that this Court deems just and proper.

Dated: May 3, 2010  
      Albany, New York

NOLAN & HELLER, LLP

By: _____  
Francis J. Brennan, Esq.  
*Counsel for AER and Messrs. Zeppieri and Cervini*  
39 North Pearl Street, 3rd Floor  
Albany, New York 12207  
Phone: (518) 449-3300  
Facsimile: (518) 432-3123

75637